In the Matter of the Claim of CARRIE ATTALDO, Respondent, v. DELCO APPLIANCE DIVISION — GENERAL MOTORS CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision awarding benefits for disability found due to lead poisoning, appellant contending that claimant was not exposed to lead or lead fumes in harmful amounts. Claimant's attending physician initially reported disability due to lead poisoning caused by claimant's exposure to lead in her work as a machine operator, in connection with which she handled lead castings; the report noting, among other symptoms, " lead line on gums " and " basophilic stippling ". The physician adhered to his diagnosis and his opinion respecting causation in his subsequent reports and in his testimony. The physician to whom the employer's plant physician referred claimant for examination also diagnosed plumbism [lead poisoning] and found the " blood lead levels * * * definitely elevated " as reported by two laboratories, this " confirming the initial diagnosis of Doctor St. John [the attending physician] "; although later admitting the possibility of error in the laboratory tests. Subsequently this same consultant reported continued " definite elevation of blood lead levels " and accounted for the fact that the content was lower than before by stating that it was " Doctor Werdein's belief and mine, that this represents renal clearance of lead due to lapse of time and lack of exposure." There was testimony by the attending physician that the lead and lead fumes in the quantities to which claimant was exposed, as indicated by independent analyses of the substances used in the work, were sufficient to, and did, cause the disabling condition. Under long familiar principles, the board was entitled to accept the medical opinion evidence and other proof supportive of causation as against the firm denials of causal relation voiced by appellant's experts, and as against appellant's attack on claimant's expert's qualifications and credibility, which were, of course, for the board's appraisal. Further, the basic proof rendered operative the presumption of causation. (Workmen's Compensation Law, § 47.) Appellant's additional contentions seem to us insubstantial and none are such as to require discussion. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision by Gibson, P. J.